IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOE HENRY SCOTT, III,
Inmate No. ECSO-000MNI-006285,
     Plaintiff,

vs.                           Case No.: 3:15cv578/RV/EMT

MARIA LANDY, et al.,
     Defendants.
_____/


## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Leave to proceed in forma pauperis has been granted  (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3–4).

Plaintiff answered "no" to all four questions on the subject (*id*.), including Question C of Section IV, which asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4).  As previously noted, Plaintiff answered "no" to this question.  Thus, Plaintiff has stated that he has filed no previous federal cases in federal court that dealt with the fact or manner of his imprisonment.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 7).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows

consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review, the clerk of court has advised, and this court takes judicial notice, Plaintiff has previously filed the following cases in the United States District Court for the Southern District of Alabama:

- Scott v. Boggan, Case No. 1:09-cv-00428-WS-C; filed 07/15/09.

- Scott v. Ferrell, Case No. 1:09-cv-00454-CG-B; filed 07/23/09.

- Scott v. Alabama Department of Corrections, Case No. 1:09-cv-00590-WS-C; filed 09/09/09.

- Scott v. McCovery, Case No. 1:09-cv-00591-KD-M; filed 09/09/09.

- Scott v. Correctional Medical Services, Case No. 1:09-cv-00607-CG-N; filed 09/17/09.

- <u>Scott v. Ferrell</u>, Case No. 1:09-cv-00608-CB-C; filed 09/17/09.

- <u>Scott v. Myers</u>, Case No. 1:09-cv-00609-WS-M; filed 09/17/09.

- <u>Scott v. J.O. Davis Correctional Facility</u>, Case No. 1:09-cv-00610-WS-B; filed 09/17/09.

- <u>Scott v. Myers</u>, Case No. 1:09-cv-00676-WS-B; filed 10/14/09.

- <u>Scott v. Myers</u>, Case No. 1:09-cv-00677-CG-C; filed 10/14/09.

- <u>Scott v. Myers</u>, Case No. 1:09-cv-00678-WS-M; filed 10/14/09.

- <u>Scott v. Myers</u>, Case No. 1:09-cv-00679-KD-N; filed 10/14/09.

- <u>Scott v. Watson</u>, Case No. 1:09-cv-00680-CG-B; filed 10/14/09.

- <u>Scott v. Scroggins</u>, Case No. 1:09-cv-00696-WS-M; filed 10/23/09.

- <u>Scott v. Knight</u>, Case No. 1:09-cv-00705-CG-M; filed 10/23/09.

- <u>Scott v. Central Records and Review Board</u>, Case No. 1:09-cv-00709-WS-C; filed 10/29/09.

- <u>Scott v. Ferrell</u>, Case No. 1:09-cv-00730-KD-C; filed 11/05/09.

● <u>Scott v. Lopez</u>, Case No. 1:09-cv-00739-CG-M; filed 11/12/09.

● <u>Scott v. Boggan</u>, Case No. 1:09-cv-00760-CG-C; filed 11/18/09.

● <u>Scott v. Myers</u>, Case No. 1:09-cv-00761-WS-C; filed 11/18/09.

● <u>Scott v. G.K. Fountain Correctional Center</u>, Case No. 1:09-cv-00762-CG-N; filed 11/18/09.

● <u>Scott v. Effteriage</u>, Case No. 1:09-cv-00803-KD-N; filed 12/10/09.

General review of these previous cases shows that most, if not all, of them concerned the conditions of Plaintiff's confinement. Thus, these cases should have been identified in response to Question C of Section IV of the complaint form.[1]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to

---

[1] In these previous cases, the name of the plaintiff is identified as Joe Henry Scott, III, exactly as Plaintiff identifies himself in the instant case. Though the inmate identification number in this case is different from those in the previous cases, this of course is owing to the fact that the previous cases were filed while Plaintiff was incarcerated in another jurisdiction, the Southern District of Alabama. Furthermore, the Southern District of Alabama, and Atmore, Alabama, the location of the jail or institution where Plaintiff was evidently incarcerated for many of these complaints, is geographically close to the Northern District of Florida, Pensacola Division, where the instant case was filed. In fact, on many of the previous complaints Plaintiff provided a personal address in Pensacola, Florida. Last, while the undersigned does not profess to be a handwriting analyst, Plaintiff's handwriting style and signature in the instant case are strikingly similar to those in the previous cases. In sum, the court confidently finds that the Joe Henry Scott, III, who initiated this case is the same person who filed the identified previous cases. Nonetheless, if Plaintiff professes to <u>not</u> be the individual who filed the previous cases, he is free to file Objections to this Report and Recommendation (as directed on the last page) stating such—bearing in mind the consequences for untruthful statements to the court. *See, e.g.,* Fed. R. Civ. P. 11.

acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2]  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[3]  *See*, *e.g.*, Hanson v. McCaul, No.

---

[2] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

At Pensacola, Florida, this <u>28</u><sup>th</sup> day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.